UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                 23-cr-610 (PKC)

          -against-                                    <u>OPINION AND ORDER</u>

WILSON DANIEL FREITA DA COSTA,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Wilson Daniel Freita Da Costa moves to dismiss the four-count Indictment filed against him pursuant to Rule 12(b)(3)(B)(v), Fed. R. Crim. P., urging that it fails to state an offense. (ECF 18.) Count One charges Da Costa with wire fraud pursuant to 18 U.S.C. §§ 1343 and 2. (ECF 3.) Counts Two, Three and Four each charges Da Costa with one count of aggravated identity theft in relation to the wire fraud charged in Count One, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b) and 2. (<u>Id.</u>)

        An indictment need only contain "a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." Rule 7(c)(1), Fed. R. Crim. P. As will be explained, Da Costa's motion principally raises arguments about the sufficiency of the evidence that he expects the government to offer, and his motion will be denied.

        In the alternative, Da Costa seeks an Order directing the government to provide his counsel with grand jury materials and a bill of particulars. Da Costa has not made the showings required for such relief, which will be denied.

THE MOTION TO DISMISS THE INDICTMENT WILL BE DENIED.

   A.  <u>Legal Standard.</u>

The Federal Rules of Criminal Procedure permit the dismissal of a criminal indictment where the indictment "fail[s] to state an offense." Rule 12(b)(3)(B)(v), Fed. R. Crim. P. "The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights." <u>United States v. De La Pava</u>, 268 F.3d 157, 165 (2d Cir. 2001).

"Since federal crimes are 'solely creatures of statute,' a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." <u>United States v. Aleynikov</u>, 676 F.3d 71, 75-76 (2d Cir. 2012) (citing <u>Dowling v. United States</u>, 473 U.S. 207, 213 (1985); <u>United States v. Pirro</u>, 212 F.3d 86, 91-92 (2d Cir. 2000)). "[A] criminal defendant is entitled to an indictment that states the essential elements of the charge against him." <u>Pirro</u>, 212 F.3d at 91 (citing <u>Jones v. United States</u>, 526 U.S. 227, 232 (1999)).

Generally, "an indictment need 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" <u>United States v. Stringer</u>, 730 F.3d 120, 124 (2d Cir. 2013) (quoting <u>Pirro</u>, 212 F.3d at 92). A sufficient indictment need only "'contain[ ] the elements of the offense charged and fairly infor[m] a defendant of the charge against which he must defend'" and "'enable[e] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" <u>United States v. Resendiz-Ponce</u>, 549 U.S. 102, 108 (2007) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)). "When the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, [the Second Circuit] has repeatedly

refused, in the absence of any showing of prejudice, to dismiss charges for lack of specificity." Stringer, 730 F.3d at 124 (quotation marks and ellipsis omitted).

The Second Circuit has explained that a motion to dismiss is not a vehicle to test the strength of the government's anticipated evidence: "[a]t the indictment stage, we do not evaluate the adequacy of the facts to satisfy the elements of the charged offense. That is something we do after trial. Otherwise, we would effectively be asking district courts to engage in summary judgment proceedings—something that does not exist in federal criminal procedure." United States v. Dawkins, 999 F.3d 767, 780 (2d Cir. 2021) (quotation marks and citation omitted).

B. Defendant's Arguments Directed to Extraterritoriality Are Premature.

Da Costa urges that the Indictment should be dismissed because it makes extraterritorial application of the federal wire-fraud and aggravated identity-theft statutes. Da Costa correctly notes that when a federal criminal statute is silent as to its extraterritorial reach, its extraterritoriality "must be inferred from the nature of the offense" and courts must determine whether Congress "implie[d] an intent that it apply outside of the United States." United States v. Al Kassar, 660 F.3d 108, 118 (2d Cir. 2011) (quotation marks omitted). According to Da Costa, the Indictment "provides scant basis to support" a domestic focus to the claims charged, and he argues that the charged statutes do not have extraterritorial application. (Def. Mem. at 10.)

The argument is premature. "[T]he extent of the statute's extraterritorial reach is not an issue related to the court's jurisdiction" and ultimately "'is a merits question.'" United States v. Prado, 933 F.3d 121, 138 (2d Cir. 2019) (quoting Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 254 (2010)). The domestic focus of a defendant's conduct has been

demonstrated where, for example, "at trial, the government present[s] ample evidence that the [defendant] had used American wire facilities and financial institutions to carry out their fraudulent schemes." United States v. Napout, 963 F.3d 163, 180 (2d Cir. 2020); see also United States v. Bankman-Fried, 680 F. Supp. 3d 289, 309 (S.D.N.Y. 2023) ("Extraterritoriality typically is assessed after a full presentation of the evidence at trial. Indeed, the defendant has not identified and the Court is not aware of any case in this district where an indictment has been dismissed on extraterritoriality grounds at the motion to dismiss stage.") (Kaplan, J.).

If the Court were to reach the issue, Count One of the Indictment facially describes a domestic focus for the charged offense. It asserts that Da Costa "caused wires to be sent to and from the Southern District of New York and elsewhere" in furtherance of a scheme to fraudulently obtain money and property from a foreign Country ("Country-1"), in part to benefit a New York Stock Exchange-traded, U.S. multinational corporation ("Company-1"). (Indictment ¶ 1.) "[A] claim predicated on mail or wire fraud involves sufficient domestic conduct when (1) the defendant used domestic mail or wires in furtherance of a scheme to defraud, and (2) the use of the mail or wires was a core component of the scheme to defraud." Bascunan v. Elsaca, 927 F.3d 108, 122 (2d Cir. 2019). Similarly, Counts Two through Four each charges Da Costa with aggravated identity theft "in the Southern District of New York and elsewhere . . . ." (Indictment ¶¶ 2-4.) To the extent that Da Costa's extraterritoriality arguments are premised on a challenge to the government's expected evidence (see Def. Mem. at 11-12; Reply at 5-9), that issue is not properly decided on a motion to dismiss.[1]

---

[1] Da Costa cites extensively to Judge Cronan's decision in Aenergy, S.A. v. Republic of Angola, 2021 WL 1998725 (S.D.N.Y. May 19, 2021), aff'd, 31 F.4th 119 (2d Cir. 2022), which granted the defendants' motion to dismiss on forum non conveniens grounds and concluded that plaintiffs' tortious interference claims should be litigated in Angola. (See Def. Mem. at 2, 5-8, 10-11, 13.) The doctrine of forum non conveniens in a civil case has little bearing on the extraterritorial application of a criminal statute and is not an adjudication on the merits.

Separately, the Court notes that Da Costa's memorandum asserts that "the ongoing prosecution of this Indictment" while Da Costa is in pretrial detention violates a right to due process, but does not elaborate further. (Def. Mem. at 1.) The government construes Da Costa to assert that the charged conduct lacks a sufficient United States nexus to satisfy due process, and responds by summarizing his use of a United States bank account and the scheme's connection to a United States corporation. (Gov't Mem. at 19-20.) Da Costa's reply memo does not address the government's arguments. Da Costa's vague reference to "due process" does not warrant dismissal of the Indictment, and because Da Costa does not reply to the government, the Court deems the due process argument abandoned for the purpose of this motion.

Da Costa's motion to dismiss based on the purported extraterritorial application of the underlying statutes will be denied.

C. The Motion to Dismiss the Indictment as Time-Barred Is Premature.

Da Costa separately urges that Count One should be dismissed as time-barred. The motion will be denied.

The federal wire-fraud statute has a five-year limitations period. 18 U.S.C. § 3282(a). "In order for the wire fraud prosecution to be timely, there must have been at least one use of the interstate wires within the applicable limitations period that was 'for the purpose' of executing the fraudulent scheme." United States v. Mason, 479 Fed. App'x 397, 398 (2d Cir. 2012) (summary order).

"[C]ourts in this district have found that a pre-trial motion to dismiss based on statute of limitations grounds may be premature if the indictment is facially sufficient and the defendant's argument in favor of dismissal requires a determination of factual issues." United States v. Levine, 249 F. Supp. 3d 732, 736 (S.D.N.Y. 2017) (Rakoff, J.) (quotation marks

omitted; collecting cases); see also United States v. Sampson, 898 F.3d 270, 278 (2d Cir. 2018) (district court improperly dismissed indictment on timeliness grounds because its "pretrial factual finding constituted a premature adjudication as to the sufficiency of the government's evidence and was thus improper at the Rule 12(b) stage.").

The Indictment makes facially sufficient allegations about the use of interstate wires within the limitations period. The Indictment charges Da Costa with using wires to execute a scheme and artifice to defraud "[f]rom at least in or about August 2017 through at least in or about 2019 . . . ." (Indictment ¶ 1.) The Indictment was signed by the foreperson and filed on November 17, 2023. (Id. at p. 4.) The assertion that Da Costa's purportedly unlawful activities continued "through at least in or about 2019" places the charged conduct within the five-year limitations period. See, e.g., United States v. Schutzman, 225 F.3d 647 (2d Cir. 2000) (affirming denial of motion to dismiss wire-fraud charges as time-barred where the indictment "stated the time in approximate terms . . . .") (summary order).

To the extent that Da Costa challenges the factual basis for the time period alleged in the indictment (Def. Mem. at 13; Gov't Mem. at 16), such an evidentiary challenge is premature on this motion to dismiss. Sampson, 898 F.3d at 278.

D. Da Costa's Motion to Dismiss Counts Two through Four
   Based on *Dubin v. United States* Will Be Denied.

Da Costa urges that the charges of aggravated identity theft set forth in Counts Two, Three and Four should be dismissed based on the Supreme Court's decision in Dubin v. United States, 599 U.S. 110 (2023).

Dubin held that 18 U.S.C. § 1028A(a)(1) "is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature . . . ." 599 U.S. at 114. "[T]he means of

identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to 'who' is involved." Id. at 1032. The Second Circuit recently affirmed a defendant's conviction under section 1028A(a)(1) based on evidence that the defendant forged a signature for the purpose of wrongfully obtaining money, concluding that identity theft "played a key role" in the crime and was not "impermissibly 'ancillary'" under Dubin. United States v. Avenatti, 2024 WL 959877, at *4 (2d Cir. Mar. 6, 2024) (summary order).

Counts Two and Three each asserts that Da Costa "knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person . . . in relation to the wire fraud violation charged in Count One of this Indictment." (Indictment ¶¶ 2-3.) Counts Two and Three assert that Da Costa used the names of specific government officials from Country-1 in relation to the wire fraud charged in Count One. (Id.) Count Four uses similar verbiage as to the name and title of an officer of a company ("Company-2") in relation to the wire fraud charged in Count One. (Id. ¶ 4.)

The text of the Indictment describes conduct that, facially, could make acts of identity theft the crux of the charged offenses. It would be premature at this stage to adjudicate whether the alleged acts of identity theft were the "crux" of the charged offenses or "merely an ancillary feature." Dubin, 599 U.S. at 114. The motion to dismiss Counts Two through Four based on the holding of Dubin will be denied.

DA COSTA'S MOTION TO ACCESS GRAND JURY MATERIALS WILL BE DENIED.

Da Costa moves in the alternative for an Order directing the government to provide his counsel "with copies of the Grand Jury testimony and instructions on the elements of Wire Fraud and Aggravated Identity Theft in order that counsel may determine whether the

Grand Jury was properly instructed, inter alia, on both the element of materiality with regard to the alleged fraud, and the need to avoid extra-territorial application of the Wire Fraud statute; and, to determine whether the charge on Aggravated Identity Theft conformed to the narrow reading of the statute set forth in *Dubin v. United States*." (Def. Mem. at 15.)

Rule 6(e)(3)(E)(ii), Fed. R. Crim. P., provides that a court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." United States v. R. Enterprises, Inc., 498 U.S. 292, 300 (1991). "In order to overcome such presumption, a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity." United States v. Gibson, 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001) (Casey, J.); see also United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994) ("A review of grand jury minutes should not be permitted without concrete allegations of Government misconduct.").

Da Costa cites no authority to support his motion for access to grand jury materials. His application is based upon speculation and does not make out a showing that the grand jury acted beyond its authority, nor does it make concrete allegations of government misconduct. "These general and unsubstantiated assertions are insufficient to meet the stringent standard that a party must show 'a particularized need' for such materials." United States v. Dunn, 2005 WL 1705303, at *3 (S.D.N.Y. July 19, 2005) (Karas, J.) (quotation marks, ellipsis and brackets omitted).

Additionally, Da Costa's reply memo does not address the government's detailed arguments in opposition, and the Court deems his motion for access to grand jury materials to be abandoned.

Da Costa's motion to inspect grand jury materials will be denied.

DA COSTA'S MOTION FOR A BILL OF PARTICULARS WILL BE DENIED.

Pursuant to Rule 7(f), Fed. R. Crim. P., a defendant may move for an Order directing the government to file a bill of particulars. Local Criminal Rule 16.1 requires the movant to confer in good faith with the government prior to filing a motion for a bill of particulars, and to submit an affidavit certifying as much. The government states that Da Costa did not confer with it prior to his filing of this motion, nor did he submit the required affidavit. (Gov't Mem. at 24-25.) Da Costa's reply memorandum does not respond to the government's assertions. For this reason alone, Da Costa's motion for a bill of particulars will be denied. See, e.g., United States v. Blondet, 2022 WL 507698, at *2 (S.D.N.Y. Feb. 18, 2022) (failure to comply with Local Rule 16.1 is "[b]y itself . . . fatal to the motion.") (Furman, J.); United States v. Mahabub, 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014) (failure to comply with Local Rule 16.1 "alone would be enough reason to deny the motion.") (Nathan, J.).

Da Costa's motion is separately denied on the merits. As to Count One, Da Costa seeks a bill of particulars setting forth the alleged "false pretenses, representations, or promises charged," and lists of any alleged victims or aiders and abettors. (Def. Mem. 16.) As to Counts Two through Four, Da Costa seeks "a list of the documents identified in each count," the felony violation in which each identifying document was allegedly used, and "the manner in which" each identifying was allegedly used. (Id.)

"A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (quotation marks omitted). "An indictment that fulfills the requirements of Federal Rule of Criminal Procedure 7(c)(1) but is nonetheless insufficient to permit the preparation of an adequate defense may be supplemented with a bill of particulars. A bill of particulars enables a defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Rigas, 490 F.3d 208, 237 (2d Cir. 2007) (quotation marks, internal citations and brackets omitted). "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Walsh, 194 F.3d at 47. "[A] bill of particulars is not the proper vehicle for what amounts to a general discovery request." United States v. Solomonyan, 451 F. Supp. 2d 626, 643 (S.D.N.Y. 2006) (Holwell, J.).

In response to Da Costa's motion, the government points to allegations in the 28-paragraph criminal complaint filed against Da Costa, 800 GB of records produced in discovery, and "a lengthy proffer that provided an overview of the case and highlighted some key pieces of evidence." (Gov't Mem. at 25-26 & n.5.) The government asserts that discovery includes documents about the contractual relationships described in the Indictment and complaint, disclosures that identify foreign and corporate officials involved in the underlying transactions, communications between participants, and warrant applications that detail facts and evidence underlying the charges. (Id. at 25-26.) The government states that it also met with defense counsel early in the case and has been responsive to questions about discovery materials. (Id. at 26.)

Da Costa's reply memo does not address the government's detailed arguments in opposition, let alone dispute the government's representations about its discussions with defense counsel and the adequacy of its discovery. The Court deems his motion for a bill of particulars to be abandoned.

The motion for a bill of particulars will be denied.

THE COURT RESERVES DECISION ON ANY ARGUMENTS
DIRECTED TO A RENEWED BAIL APPLICATION.

Da Costa's memoranda also set forth bases for a proposed renewed bail application, indicating that he intends to make such an application at "the next scheduled conference . . . ." (Def. Mem. at 16-17; Reply at 11-12.) The government opposes any such application. (Gov. Mem. 28-34.) The Court reserves decision on any renewed bail application.

CONCLUSION.

Defendant's motion to dismiss the Indictment, or alternatively, for an Order granting access to grand jury materials and directing the government to provide a bill of particulars is DENIED. The Court reserves decision on any renewed bail application. The Clerk is respectfully directed to terminate the motion. (ECF 18.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      June 13, 2024