**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                       **:**

**UNITED STATES OF AMERICA**

                                       **:**      **23 Cr. 610 (PKC)**

     **-v.-**

                                         **:**

**WILSON DANIEL FREITA DA COSTA,**

                                       **:**

                       **Defendant.**

                                       **:**
-------------------------------------------------------x

**THE DEFENDANT'S REQUESTS TO CHARGE**

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Defendant

respectfully requests that the Court include the following in its charge to the jury.

## **REQUEST NO. 1**
## **General Requests**

The Defendant respectfully requests that the Court give its usual instructions to the jury on the following matters, or use the standard instructions in Sand, <u>Modern Federal Jury Instructions</u>:

      a.  Function of Court and Jury.

      b.  Indictment Not Evidence.

      c.  Multiple Counts

      d.  Aiding and Abetting

      e.  Statements of Court and Counsel Not Evidence.

      f.  Burden of Proof and Presumption of Innocence.

      g.  Motive

      h.  Similar Acts Evidence (if applicable)

      i.  Reasonable Doubt.

      j.  Jury's Recollection Controls.

      k.  Inferences.

      l.  Government Treated Like Any Other Party.

      m.  Definitions, Explanations and Example of Direct and Circumstantial Evidence.

      n.  Stipulations

      o.  Recordings and Transcripts

      p.  Translations (if applicable)

      q.  Credibility of Witnesses.

      r.  Expert Witnesses

      s.  Uncalled witnesses

      t.  Defendant's Testimony (if applicable)

u.  Defendant's right not to testify (if applicable)

v.  Variance in Dates and Amounts

w.  Right to See Exhibits and Have Testimony Read During Deliberations.

x.  Sympathy: Oath of Jurors.

y.  Punishment Is Not To Be Considered by the Jury.

z.  Verdict of Guilty or Not Guilty Must Be Unanimous.

aa. Interest in Outcome.

bb. Motions, Objections, and Questions by the Court.

cc. Redactions [if applicable].

dd. Note-Taking by Jurors.

ee. Duty to Base Verdict on Evidence.

ff.  Improper Considerations.

gg. Duty to Weigh Evidence Without Prejudice.

hh. Evidence with Limited Purposes [if applicable].

ii.  Defendant's Reputation and Character [if applicable].

## REQUEST NO. 2
## As To All Counts (Jurisdiction)

The Defendant contends that the application of the Wire Fraud and Aggravated Identity Theft statutes to conduct committed in Angola is an improper, extraterritorial application of the laws of the United States.

As a general matter, criminal statutes are presumed to have only domestic application, and in this case, you are asked to decide whether the Wire Fraud and Aggravated Identity Thefts charged in the indictment involve a domestic application of those statutes. To decide this issue, you must determine whether the conduct that occurred in the United States – the receipt of emails and the sending of a wire transfer – are the focus of the Wire Fraud and Aggravated Identity Theft statutes. In other words, you must decide whether any wire transmissions into or out of the United States were essential to the alleged scheme to defraud, or whether those wire transmissions were merely incidental to the alleged scheme. Unless you find that the wire transmissions into or out of the United States were the focus of the scheme to defraud – that is, that they were essential to the scheme – then you must find that the Court does not have jurisdiction to proceed, and you must acquit the Defendant of all charges in the Indictment.

> *RJR Nabisco, Inc. v. European Community, et al.*, 579 U.S. 325, 136 S.Ct. 2090 (2016); *Bascunin v. Elasca*, 927 F.3d 108 (2d Cir. 2019); *United States v. Napout*, 963 F.3d 163, 178-79 (2d Cir. 2020).

**REQUEST NO. 3**
**Count One: Wire Fraud (Elements)**

As I have noted, Count One charges the Defendant with committing wire fraud.

The wire fraud statute provides, in pertinent part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

In order to prove a defendant guilty of wire fraud, the Government must establish beyond a reasonable doubt the following three elements:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises.

*Second*, that the Defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

*Third*, that in the execution of that scheme, the Defendant used, or caused the use of, interstate or foreign wires, as specified in the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Hon. Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); and the Hon. J. Paul Oetken in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024); the charge of the Hon. Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (1990); the charge of the Hon. John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Hon. Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (1991); *see also United States* v. *Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States* v. *Altman*, 48 F.3d 97, 101 (2d Cir. 1995); United *States* v. *Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); *United States* v. *Miller*, 997 F.2d 1010, 1017 (2d Cir. 1993); United *States* v. *Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States* v.

*Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), *cert. denied*, 479 U.S. 826 (1986); *Polycast Technology Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

## REQUEST NO. 4
## Count One: Wire Fraud (First Element – Existence of Scheme)

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception, or swindle. The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims, and documents. A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements, half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The false representations and pretenses involved in the scheme to defraud must be "material." A "material" fact is one which reasonably would be expected to influence, or that is capable of influencing, the decision of a reasonable person. That means if you find a particular statement or omission to have been untruthful or misleading, before you can find that statement

or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision. Actual reliance by the person on the representation is not required; it is sufficient if the misrepresentation is one that reasonably would be expected to influence, or that is capable of influencing, the decision of a reasonable person, and is intended by the Defendant to do so.

It is not necessary for the Government to prove that the scheme to defraud actually succeeded, that any particular person actually relied upon a statement or representation, or that any victim actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. Nor do you need to find that the Defendant profited from the fraud or realized any gain. You must concentrate on whether there was such a scheme, not the consequences of the scheme, although proof concerning accomplishment of the goals of the scheme may be persuasive evidence of the existence of the scheme itself. In determining whether a scheme to defraud existed, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-2; and the charges of the Hon. Lewis A. Kaplan in *United States v. Samuel Bankman-Fried*, No. 22 Cr. 673 (Nov. 2, 2023), the Hon. Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (Oct. 14, 2022), and the Hon. Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022); *see also Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which it was addressed." (internal quotation marks, brackets, and citations omitted)); *id.* 24-25 (the "common-law requirements of 'justifiable

reliance' and 'damages' . . . plainly have no place in the federal
fraud statutes").

## REQUEST NO. 5
## Count One: Wire Fraud (Second Element – Intent to Defraud)

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the Defendant participated in the scheme knowingly and with the specific intent to defraud.

The word "participated" is one that you are familiar with and, therefore, I do not need to spend much time defining it for you. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

To satisfy this element, I remind you that it is not necessary for the Government to establish that the Defendant originated the scheme to defraud. Nor is it required that the Defendant participate in or have knowledge of all the aspects or operations of the scheme. And it also is not necessary that a defendant have participated in the alleged scheme from the beginning.

However, you must find that the proof establishes, beyond a reasonable doubt, that the Defendant participated in the scheme to defraud in some way during its existence, with knowledge of its general scope and purpose, and with the specific intent to defraud.

As I have previously noted, the Government must prove beyond a reasonable doubt that the Defendant acted knowingly – that is, voluntarily and deliberately, rather than mistakenly or inadvertently – and also with specific intent to defraud. To act with intent to defraud means to act with the specific intent to deceive, for the purpose of causing some harm to another, in the form of financial or property loss. The Government need not prove that any intended victim was actually harmed, only that the Defendant intended some immediate or temporary financial or property loss to a victim of the scheme. Additionally, the Government need not prove that the intent to defraud

was the only intent or even primary intent of the defendant.  A defendant may have the required intent to defraud even if the defendant was motivated by other lawful purposes as well.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of the Defendant is a complete defense to the charge of wire fraud. An honest belief in the truth of the representations made or caused to be made by a defendant is a complete defense, however inaccurate the statements may turn out to be. Similarly, if the defendant in good faith believed that he was entitled to take the money or property from the victim, even though that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct.

The defendant has no burden to establish his good faith. The defendant has no burden to prove any fact in connection with this case.  The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the Defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and intent may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from the conduct, acts and surrounding circumstances you find the facts have established.  However,

the ultimate facts of knowledge and intent must be proven beyond a reasonable doubt.

Adapted from the charge of the Hon. J. Paul Oetken in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024), and the Hon. Kimba M. Wood in *United States* v. *Shapiro*, 06 Cr. 357 (KMW) (2009).

### REQUEST NO. 6
### Count One: Wire Fraud (Third Element – Use of Interstate Wires)

The third and final element that the Government must establish beyond a reasonable doubt as to the wire fraud count is that interstate or foreign wires were used in furtherance of the scheme.

Wires include telephone calls and messages, internet communications, such as email, and financial wires between bank accounts. "Interstate" means that a wire passed between two or more states. "Foreign" means that a wire passed between the United States and another country, in either direction.

A wire communication need not itself be fraudulent. Indeed, it may be completely innocent, as long as it was made in furtherance of the fraudulent scheme. To be in furtherance of the scheme, the wire communication must further or assist in some way in carrying out the scheme to defraud. A wire communication can also include a communication made after a victim's funds were obtained if the communication was designed to lull the victim into a false sense of security, to postpone his or her complaint to the authorities, or to keep the money obtained from the scheme.

It is not necessary for the Defendant to have been directly or personally involved in any wire as long as the wire was reasonably foreseeable in the execution of the alleged scheme to defraud in which the Defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the Defendant caused the wires to be used by others; and this does not mean that the Defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she

causes the wires to be used. Incidentally, this wire requirement is satisfied even if the wire was used by a person with no knowledge of the fraudulent scheme, including the victim of the alleged scheme.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (based on the charge of the Hon. Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Hon. J. Paul Oetken in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024); the charge of the Hon. Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); the charge of the Hon. Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); and the charge of the Hon. John G. Koeltl, *United States* v. *Szur*, S5 97 Cr. 108 (JGK) (1998); *see United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir.) (Defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. *denied*, 112 S. Ct. 3029 (1992); *United States* v. *Keats*, 937 F.2d 58, 64 (2d Cir.), *cert. denied*, 112 S. Ct. 399 (1991).

## **REQUEST  NO. 7**

## **COUNT ONE – WIRE FRAUD, COMPLETION**

A crime is complete when all its elements have been accomplished.  The crime of wire fraud is complete at the time when you find that all the three elements I have just defined for you were complete.

> Toussie v. United States, 397 U.S. 112, 115 (1970); United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995); United States v. Green, 897 F.3d 443, 448 (2d Cir. 2018); United States v. Thomas, 492 F. Supp. 2d 405, 411 (SDNY 2007)

## REQUEST NO. 8
## Counts Two and Three: Aggravated Identity Theft (Elements)

Counts Two and Three charge the Defendant with aggravated identity theft. These Counts allege that, during and in relation to the wire fraud charged in Count One, the Defendant used and transferred the names and titles of two Angolan government officials.

The aggravated identity theft statute provides in relevant part:

> Whoever, during and in relation to any [enumerated] felony violation … knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of a crime].

In order to prove the Defendant guilty of aggravated identity theft, the Government must separately establish beyond a reasonable doubt the following three essential elements:

*First*, that the Defendant knowingly transferred, possessed, or used a means of identification of another person;

*Second*, that the Defendant did so during and in relation to the wire fraud offense charged in Count One; and

*Third*, that the Defendant acted without lawful authority.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-50, 39A-51; and the charge of the Hon. J. Paul Oetkin in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024).

### REQUEST NO. 9
### Counts Two and Three: Aggravated Identity Theft (First Element – Use of Means of Identification)

The first element that the Government must prove beyond a reasonable doubt is that the Defendant knowingly transferred, possessed, or used a means of identification of another person.

The terms "transfer," "possess," and "use," have their commonsense meaning.     The Government need prove only one of those.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, signature, Social Security number, date of birth, official state or Government-issued driver's license or identification number, alien registration number, Government passport number, employer or taxpayer identification number, or "access device."  Access device means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other means of account access that can be used to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

In addition, the Government must prove both that the means of identification was that of an actual person (living or dead), and that the Defendant knew that the means of identification was that of an actual person.

I instructed you earlier on what it means to act knowingly and those same instructions apply here.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-52; the charge of the Hon. J. Paul Oetkin in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024); and the charge of the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (S.D.N.Y. 2018).

### REQUEST NO. 10
### Counts Two and Three: Aggravated Identity Theft (Second Element – Predicate Offense)

The second element that the Government must prove beyond a reasonable doubt is that the Defendant transferred, possessed, or used the means of identification during and in relation to the wire fraud offense charged in Count One.

A defendant uses a person's means of identification "[d]uring and in relation to" an offense when the use of the means of another person's identification is at the crux of what makes that conduct criminal. Put differently, the use of a means of identification of another person cannot merely be ancillary to what makes the conduct charged in Count One fraudulent. Instead, in connection with Count One, the means of identification specifically must be used in a manner that is fraudulent or deceptive.

If you find the Defendant not guilty on Count One, then you must find the Defendant not guilty on Counts Two and Three.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-53; and the charge of the Hon. J. Paul Oetken in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024); *see also Dubin v. United States*, 599 U.S. 110 (2023).

## REQUEST NO. 11
## Counts Two and Three: Aggravated Identity Theft (Third Element – Without Lawful Authority)

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted without lawful authority.

The term "without lawful authority" means to act without the authorization of the issuing authority to use the means of identification.

It does not require that the means of identification be stolen or taken without the owner's permission. However, proof, beyond a reasonable doubt, that the means of identification were stolen would satisfy this this element.

Without lawful authority also includes situations in which the Defendant comes into lawful possession of identifying information and had the lawful authority to use that information for a lawful purpose but used the information for an unlawful purpose.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-54; and the charge of the Hon. J. Paul Oetken in *United States v. Martin Mizrahi*, 22 Cr. 650 (S.D.N.Y. 2024); *see also United States v. Valdés-Ayala*, 900 F.3d 20 (1st Cir. 2018).

## REQUEST NO. 12
## COUNTS TWO AND THREE, AGGRAVATED IDENTITY THEFT COMPLETION

As I have previously instructed you, a crime is complete when all its elements have been accomplished.  The crime of identity theft is therefore complete at the time when you find that all the three elements I have just defined for you were complete.

> Toussie v. United States, 397 U.S. 112, 115 (1970); United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995); United States v. Green, 897 F.3d 443, 448 (2d Cir. 2018); United States v. Thomas, 492 F. Supp. 2d 405, 411 (SDNY 2007)

## REQUEST NO. 13
## STATUTE OF LIMITATIONS

Section 3282 of the Federal Criminal Code is the applicable Statute of Limitations, and it provides in relevant part that "no person shall be prosecuted … for any offense unless" the charge is brought by the government "within five years … after such offense shall have been committed."

For the purposes of the Statute of Limitations, a crime is "committed" when it is completed, that is, when the conduct charged in the indictment satisfies every element of the crime charged.

In this case, the Defendant is charged with two crimes, wire fraud and identity theft.

I have previously instructed you on the elements of the crime of wire fraud, but I remind you that the elements of the crime of wire fraud, each of which the government must prove beyond a reasonable doubt, are: 1) that there was a scheme to defraud or obtain property by false or fraudulent pretenses or representations; 2) that the Defendant knowingly participated in the scheme to defraud, with knowledge of its fraudulent nature and with the intent to defraud; and 3) that in the execution of the scheme, the Defendant used or caused to be used, the interstate or foreign wires as described in the indictment.  For the purposes of the statute of limitations, the crime of wire fraud is complete if and when you find that all these elements were proven beyond a reasonable doubt.

With respect to the crime of aggravated identity theft, I remind you that the elements of this crime, which the government must prove beyond a reasonable doubt are: 1) that the Defendant knowingly transferred, possessed or used a means of identification of another person; 2) that the Defendant did so during and in relation to the wire fraud charged in the indictment; and 3) that the Defendant acted without lawful authority.  So the crime of aggravated identity theft was complete if and when you find all these elements were proven beyond a reasonable doubt.

The charges in this case were first brought on October 3, 2023.  Therefore, if you find that any charge in the indictment was complete before October 3, 2018, you must acquit the defendant of that charge.  If you find that any of the charges was not complete until after October 3, 2018, you must then decide whether to convict the Defendant of those charges only after considering all my instructions, and only if you find that all the elements of the charge you are considering have been proven beyond a reasonable doubt.   And I remind you that if you acquit the Defendant of the Wire Fraud charged in Count One, you must acquit the defendant of Counts Two and Three.

> Toussie v. United States, 397 U.S. 112, 115 (1970); United States v. Rivera-Ventura, 72 F.3d 277, 281 (2d Cir. 1995); United States v. Green, 897 F.3d 443, 448 (2d Cir. 2018); United States v. Thomas, 492 F. Supp. 2d 405, 411 (SDNY 2007)

RESPECTFULLY SUBMITTED,

SERCARZ & RIOPELLE, LLP.

By:   *Roland G. Riopelle*

950 Third Avenue, 31st Floor
New York, NY  10022
(212) 586-4900, x118
rriopelle@sercarzandriopelle.com

XAVIER DONALDSON, ESQ.

By:   *Xavier Donaldson*

800 Third Avenue
New York, NY  10022
(646) 492-5600
xdonaldson@aol.com
*Attorneys for the Defendant Wilson DaCosta*